J^ROBERT L. LOBRANO, Judge Pro Tem.
On April 25, 1996, the Jefferson Parish Grand Jury indicted the defendant, Michael Williams, with second degree murder, a violation of LSA-R.S. 14:30.1. The defendant waived a trial by jury, and on July 3, 1997, the trial court found the defendant guilty as charged.
The defendant’s conviction was followed by many procedural difficulties leading to the instant untimely appeal. On July 14, 1997, the defendant filed a motion for new trial, claiming the verdict was contrary to the law and the evidence. The trial court took the motion under advisement, and sentenced the defendant to life imprisonment, without benefit of parole, probation, or suspension of sentence. The defendant' *226 filed a timely motion for appeal, and on September 19, 1997, the defendant’s attorney filed a motion to withdraw as counsel, asking the court to appoint the indigent defendant board to represent the defendant. On September 30, 1997, the Louisiana Appellate Project was appointed to represent the defendant on [-¡appeal. Appellate counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) asserting that, after review, he found no reversible trial errors, and asking to withdraw from the case. The defendant filed a supplemental pro-se brief addressing the merits of his case.
Upon review of the appeal, this court found that the trial court had signed an order that granted the defendant a new trial. Accordingly, this court issued an order on March 18, 1998, noting that the record showed that the trial judge granted a new trial. This court ordered the parties to show cause, by written brief, why the appeal should not be dismissed. On March 19, 1998, the trial judge issued the following order: “On Motion of Judge Susan Chehardy, Judge, Division “N” and on suggesting that a Motion for New Trial was granted in error in the above captioned matter. IT IS ORDERED that the Motion for New Trial is hereby denied”
On March 23, 1998, this court issued an order directing the parties to address by briefs the effect of the trial court’s March 19, 1997 order. In response, both defense counsel and the state replied that the trial court’s March 19, 1997 order rendered the new trial issue moot, and that this court should proceed to review the appeal. Nonetheless, on May 21, 1998, this court dismissed the appeal, and remanded the matter for a new trial stating that the trial court was without authority to reverse the previously granted new trial motion.
On June 19, 1998, the state filed a Writ Application to the Louisiana Supreme Court seeking review of this court’s order dismissing the appeal. On the same day, the trial court held a hearing on the State’s Motion to Reconsider the Defense Motion for New Trial. At this hearing, the trial court again denied the defendant’s motion for new trial. On June 24, 1998, the Supreme Court denied the state’s writ application as moot. On June 26, 1998, the state field a Motion for Clarification in |4the State Supreme Court, asking whether the writ was denied because the Supreme Court believed the trial court legally exercised it’s jurisdiction on June 19, 1998, or whether the Supreme Court merely chose not to exercise its supervisory jurisdiction. On June 30, 1998, the Supreme Court, by letter, responded to the Motion for Clarification with a one word ruling of “denied.” However, Justice Victory, concurring in the denial stated, “It is my understanding that this Court denied the state’s application in this matter because the trial court granted the state relief in its ruling of June 19, 1998, by denying defendant’s motion for a new trial.”
On July 6, 1998, the trial court, suas-ponte, noted that the defendant’s original sentence was improper because it was imposed without observing the mandatory 24 hour delay required by LSA-C.Cr.P. art. 873. The trial court accordingly re-sentenced the defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
Present counsel enrolled on August 13, 1998. On October 16, 1998, the defendant filed a Motion to Quash and to Dismiss the Prosecution, which was properly denied on December 18, 1998. The basis of that motion was the alleged failure of the State to commence a new trial as per the remand order of this court on May 21, 1998. However, the Supreme Court’s writ denial of the State’s application because of mootness suggests the trial court’s subsequent denial of a new trial was correct. Regardless, defendant’s present appeal of the denial of his Motion to Quash is improper because the correct procedural mechanism is an Application for Supervisory Writs, not an appeal. See La.C.Cr.P. art. 912(c)(1). Thus, this court does not *227 have appellate jurisdiction to consider a denial of defendant’s Motion to Quash.
| ¡¡Furthermore, we note that in this “appeal” defendant’s only assignment of error is the denial of his Motion to Quash. The errors asserted in his original appeal, which this court previously dismissed, are not reurged in this “appeal”. Because of the procedural “nightmare” this case has taken, including the appointment of new counsel, the interest of justice requires that we remand to the trial court for the grant of an out of time appeal on the merits of defendant’s case, and an Application for Supervisory Writs on the denial of the Motion to Quash.
For the foregoing reasons, this appeal is dismissed and the case is remanded to the trial court for further proceedings consistent with this opinion.

DISMISSED AND REMANDED.