NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-296

STATE OF LOUISIANA

VERSUS

PAUL CARTER

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 106,340
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

MICHAEL G. SULLIVAN
JUDGE

**********

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and James T. Genovese, Judges.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

**Michael Harson**
**District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana 70502-3306**
**(337) 232-5170**
**Counsel for:**
    **State of Louisiana**

**Jermaine D. Williams**
**Pride J. Doran**
**Williams & Doran, PLLC**
**1313 Lafayette Street**
**Lafayette, Louisiana  70501**
**(337) 235-3989**
**Counsel for Defendant/Appellant:**
     **Paul Carter**

**SULLIVAN, Judge.**

On September 27, 1988, Defendant, Paul Carter, pled guilty to two counts of forcible rape. He received two forty-year sentences at hard labor without benefit of probation, parole, or suspension of sentence on each count, which were ordered to run concurrently.

On April 20, 2005, Defendant was indicted for the offense of aggravated rape, which is alleged to have taken place on or about July 26, 1986. Defendant filed a Motion to Quash on the Basis of Double Jeopardy, alleging that the crime for which he was indicted was included in his September 26, 1988 plea agreement. Defendant's plea agreement contained the following provision:

> All other pending active criminal charges are to be dismissed against him, including two aggravated burglaries and aggravated rapes, and some other simple burglaries. In addition, there are also pending and under investigation some twenty to thirty some odd burglaries in which Mr. Carter is a suspect, and those will not be proceeded with as well.

After a hearing, the trial court denied the Motion. Defendant then filed a notice of appeal, which the trial court granted; he filed this appeal on March 8, 2007.

The correct procedural mechanism for review of a denial of a motion to quash is an application for supervisory writs, not an appeal. La.Code Crim.P. art. 912.1; *see also, State v. Williams*, 99-216 (La.App. 5 Cir. 7/27/99), 740 So.2d 225. Therefore, this court issued a rule to show cause why the appeal should not be dismissed. In response, Defendant filed a Motion to Convert Appeal to Request for Supervisory Writs with this court. Because this judgment is not appealable, the appeal in this case is hereby dismissed. Further, we deny Defendant's request that we convert his appeal to a supervisory writ application. However, Defendant is permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. He is not

required to file a notice of intent to seek writs or to obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.